IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

1. KEVIN CALVEY, 2. TONI CALVEY,           )
3. BRIAN MAUGHAN, 4. KYLE D. SHUTT,        )
5. CINDY A. SHUTT, 6. PAUL BLAIR,          )
7. TOM VINEYARD, 8. TOBY PEDFORD,          )
9. LORI PEDFORD, 10. DAVID WHITE,          )
11. JENNI WHITE, 12. JUNEY L. PATTERSON,   )
13. KIMI GEORGE, 14. PAUL WEHRENBERG,      )
15. MOLLY WEHRENBERG, and                  )
16. CASEY WEHRENBERG,                      )
    Plaintiffs,                            )
                                           )   CIV-10-353-F
v.                                         )
                                           )
1. BARACK HUSSEIN OBAMA, in his official   )
capacity as President of the United States; )
2. KATHLEEN SEBELIUS, in her official capacity )
as Secretary, United States Department of Health )
and Human Services; 3. ERIC H. HOLDER, JR., )
in his official capacity as Attorney General of the )
United States; and 4. TIMOTHY F. GEITHNER, )
in his official capacity as Secretary, United States )
Department of Treasury,                    )
    Defendants.                            )

**COMPLAINT**

Plaintiffs by and through counsel bring this Complaint to above-named Defendants, their employees, agents, and successors in office.

INTRODUCTION

1.     This case challenges the constitutionality of the recently enacted federal law known as the "Patient Protection and Affordable Care Act" (hereinafter "Health Care Reform Act" or "Act"), which was signed into law by Defendant Obama on March 23, 2010. The Act violates the United States Constitution and imposes unprecedented governmental regulations that violate the personal and economic freedoms of American citizens.

2. The United States Constitution, enacted by the "People of the United States" ensures that the federal government does not have plenary power to enact legislation, but instead is a government of limited and enumerated powers.

3. There is no enumerated power in the Constitution that permits the federal government to mandate that any American citizen purchase or obtain health care coverage or face a penalty.

4. Plaintiffs seek a declaration from this Court that Congress lacked authority under the Commerce Clause to pass the Act; alternatively, a declaration that the penalty provision of the Act is an unconstitutional "tax"; a declaration that the Act violates the Tenth Amendment; a declaration that the Act violates Plaintiffs' fundamental rights of conscience and the free exercise of religion protected by the First Amendment; a declaration that the Act violates the equal protection guarantee of the Fifth Amendment; a declaration that the Act violates the due process guarantee of the Fifth Amendment; an injunction enjoining the enforcement of the Act; and an award of attorney fees and costs pursuant to 28 U.S.C. § 2412 (the Equal Access to Justice Act), and other applicable laws.

## JURISDICTION AND VENUE

5. This action in which the United States is a defendant arises under the Constitution and laws of the United States. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1346.

6. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this court.

7. Venue is proper under 28 U.S.C. § 1391(e) because this is the judicial district in which Plaintiffs reside.

## PLAINTIFFS

8. Plaintiffs are United States citizens, residents of Oklahoma County, Oklahoma, federal taxpayers, and Christians. Plaintiffs object to being compelled by the federal government to purchase health care coverage. Moreover, based on their deeply held religious beliefs and convictions, Plaintiffs object to being forced by the federal government to contribute in any way to the funding of abortion.

## DEFENDANTS

9. Defendant Barack Hussein Obama is the President of the United States. The executive power of the Constitution is vested in the President. As the head of the Executive Branch of the United States Government, Defendant Obama is empowered to direct and enforce the laws of the United States, including the Act. Defendant Obama is sued in his official capacity.

10. Defendant Kathleen Sebelius is the Secretary of the United States Department of Health and Human Services ("DHHS"). As Secretary of DHHS, Defendant Sebelius is responsible for enforcing and administering the Act. Defendant Sebelius is sued in her official capacity.

11. Defendant Eric H. Holder, Jr. is the Attorney General of the United States. As the Attorney General, he is the head of the Department of Justice and the chief law enforcement officer of the federal government. Accordingly, he is charged with enforcing the civil and criminal laws of the United States, including the Act. Defendant Holder is sued in his official capacity.

12. Defendant Timothy F. Geithner is the Secretary of the United States Department of Treasury. As Treasury Secretary, Defendant Geithner is head of the Internal Revenue Service ("IRS") and is responsible for enforcing the Internal Revenue Code, including overseeing the collection of taxes, enforcing the tax laws, and enforcing certain penalty provisions of the Act. Defendant Geithner is sued in his official capacity.

## STATEMENT OF FACTS

13. The Act forces private citizens, including Plaintiffs, to purchase health care coverage under penalty of federal law.

14. What is considered an acceptable or minimum essential level of health care coverage is determined by the federal government pursuant to the Act.

15. If a private citizen chooses not to purchase an acceptable or minimum essential level of health care coverage as determined by the federal government, monetary penalties are imposed by Defendants.

16. Plaintiffs object to being forced by the federal government to purchase health care coverage under the Act.

17. Plaintiffs object to being forced to contribute to the funding of abortion, which, according to their deeply held religious beliefs and convictions, is a grave moral disorder since it is the deliberate killing of an innocent human being.

18. Plaintiffs conscientiously object to being forced to contribute to the funding of abortion.

19. The Act forces Plaintiffs, under penalty of federal law, to contribute to the funding of abortion.

20. Consequently, the Act uses the power of federal law and authority to force Plaintiffs to contribute to the funding of abortion and thereby violate their conscience and their deeply held religious beliefs and convictions.

21. It is beyond the authority of Congress to impose a penalty or a "tax" on any person for not complying with its mandate that the person purchase health care coverage.

22. The Act, and in particular the mandate requiring private citizens to purchase health care coverage, does not regulate an economic activity. Simply being a resident triggers the mandate.

23. The Constitution authorizes only limited, enumerated powers to Congress and none, including the power to regulate interstate commerce or to impose taxes, supports a federal mandate requiring anyone who is otherwise without health care coverage to purchase it.

24. Imposing an individual health care coverage mandate upon United States residents who choose not to contract for health care coverage as set forth in the Act is not regulating economic activity.

25. A mandate requiring private citizens, such as Plaintiffs, to purchase health care coverage pursuant to the Act is not an economic activity.

26. Pursuant to the Act, Plaintiffs are being forced to purchase private health care coverage not because they are even tangentially engaged in the production, distribution, or consumption of goods or commodities or any other commercial activity, but for no other reason than they exist.

27. Through the enforcement of the Act, certain organizations, specifically including certain unions, will not be "taxed" on their health care plans because these

organizations share the same political views of Defendants and of those currently in power in Congress. Plaintiffs, some of whom are registered Republicans and some of whom are registered Democrats, do not share the political views of Defendants, and will thus be discriminated against in the enforcement of the Act in that Plaintiffs will be "taxed" for the health care coverage provided by the Act.

28. It is an unconstitutional abuse of federal power to fund and benefit through tax exemptions and other mechanisms special interest organizations, including unions, based on their political viewpoints and to deny similar funding and benefits to other individuals and organizations based on their political viewpoints.

29. Congress cannot use its power to "tax" solely as a means of controlling conduct that it could not otherwise control through the Commerce Clause or any other provision of the Constitution.

30. The penalty "tax" imposed under the Act to enforce the mandate that private citizens, including Plaintiffs, purchase health care coverage is a direct "tax" on the person (capitation "tax") that is not apportioned among the States on the basis of census population.

31. The Act also provides for "earmarks," or special interest expenditures, enacted not for the general welfare but instead for the specific welfare of a particular group, which expenditures are distributed unequally among the citizens of the United States and unequally between the states, and unequally among citizens within states.

FIRST CLAIM FOR RELIEF

(Commerce Clause)

32. Plaintiffs hereby incorporate by reference all stated paragraphs.

33. Congress lacks authority under the Commerce Clause of the Constitution to force private citizens, including Plaintiffs, under penalty of federal law, to purchase health care coverage. Consequently, Congress lacked any authority in the first instance to pass the Act, specifically including the Act's individual mandate for health care coverage.

34. As a direct and proximate result of Defendants' violation of the Commerce Clause, Plaintiffs have suffered immediate irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief.

## SECOND CLAIM FOR RELIEF

(Unconstitutional Tax)

35. Plaintiffs hereby incorporate all stated paragraphs.

36. In the alternative, Congress lacks authority under Article I, §§ 2, 8, & 9 of the Constitution, and by implication the Sixteenth Amendment to the Constitution, to impose a direct "tax" on the person (capitation "tax") not apportioned among the States on the basis of census population to enforce the mandate that private citizens, including Plaintiffs, purchase health care coverage under the Act.

37. As a direct and proximate result of Defendants' violation of the Constitution, Plaintiffs have suffered immediate irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief.

## THIRD CLAIM FOR RELIEF

(Tenth Amendment)

38. Plaintiffs hereby incorporate all stated paragraphs.

39. The Tenth Amendment to the Constitution states, "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

40. The "power" to enact the Act was "not delegated" to Congress by the Constitution. Consequently, the power to enact legislation such as the Act is specifically reserved by the Constitution to the States pursuant to their inherent police powers, or to the people. Pursuant to the Tenth Amendment, Congress was without authority to enact the Act.

41. As a direct and proximate result of Defendants' violation of the Tenth Amendment, Plaintiffs have suffered immediate irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief.

## FOURTH CLAIM FOR RELIEF

(First Amendment – Free Exercise)

42. Plaintiffs hereby incorporate all stated paragraphs.

43. By forcing Plaintiffs to contribute to the funding of abortion, the Act violates Plaintiff's fundamental rights of conscience and the free exercise of religion protected by the First Amendment to the Constitution.

44. As a direct and proximate result of Defendants' violation of the First Amendment, Plaintiffs have suffered immediate irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief.

## FIFTH CLAIM FOR RELIEF

(Fifth Amendment and Fourteenth Amendment – Equal Protection)

45. Plaintiffs hereby incorporate all stated paragraphs.

46. By providing for some religious exemptions from the mandates of the Act, but forcing Plaintiffs to contribute to the funding of abortion in violation of their deeply held religious convictions, Defendants have deprived Plaintiffs of the equal protection of the law guaranteed under the Fifth Amendment and Fourteenth Amendment to the Constitution.

47. Congress had no authority, and thus no basis, to discriminate against and penalize individuals, including Plaintiffs, who choose not to purchase health care coverage pursuant to the Act in violation of the equal protect of the law guaranteed under the Fifth Amendment and Fourteenth Amendment.

48. Congress had no authority, and thus no basis, to exempt some American citizens from penalties or "taxes," while imposing certain penalties and "taxes" on other based on whether the person chooses to purchase health care coverage pursuant to the Act in violation of the equal protection of the law guaranteed under the Fifth Amendment and Fourteenth Amendment.

49. By funding and benefiting certain special interest organizations, including unions, through tax exemptions and other mechanisms provided for in the Act based on their political viewpoints, which are favored by Congress and Defendants, and denying similar funding and benefits to other individuals and organizations that do not share similar viewpoints or favor with Congress and Defendants, Defendants have abused their federal authority in violation of the equal protection of the law guaranteed under the Fifth Amendment and Fourteenth Amendment.

50. By providing for "earmarks," or special interests expenditures, Congress and Defendants have abused their federal authority in violation of the equal protection of the law guaranteed under the Fifth Amendment and Fourteenth Amendment.

51. As a direct and proximate result of Defendants' violation of the Fifth Amendment and Fourteenth Amendment, Plaintiffs have suffered immediate and irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief.

### SIXTH CLAIM FOR RELIEF

(Fifth Amendment –Due Process)

52. Plaintiffs hereby incorporate by reference all stated paragraphs.

53. The Fifth Amendment provides that "No person shall be…deprived of life, liberty, or property, without due process of law…"

54. By mandating that all private citizens, including Plaintiffs, purchase health care coverage under penalty of law, the Act violates the due process requirement of the Fifth Amendment.

55. As a direct and proximate result of Defendants' violation of the Fifth Amendment, Plaintiffs have suffered immediate irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief.

### SEVENTH CLAIM FOR RELIEF

(Fourth Amendment- Privacy)

56. Plaintiffs hereby incorporate by reference all stated paragraphs.

57. The Fourth Amendment provides that "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall

not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

58. The Act requires citizens to provide private medical information to the federal government and/or its designated agents or authorized health care providers, in violation of the Fourth Amendment.

59. As a direct and proximate result of Defendants' violation of the Fifth Amendment, Plaintiffs have suffered immediate irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ask this Court:

a) to declare that the Act violates the Constitution as set forth in this Complaint;

b) to preliminarily and permanently enjoin the enforcement of the Act as set forth in this Complaint;

c) to award Plaintiffs their reasonable attorney fees, costs, and expenses pursuant to 28 U.S.C. § 2412 (the Equal Access to Justice Act), and other applicable law; and

d) to grant such other and further relief as this Court should find just and proper.

Respectfully submitted,

*Kevin Calvey*

Kevin Calvey
Oklahoma Bar Association #16190
Attorney for Plaintiffs
PO Box 20443
Oklahoma City, OK 73156
(405) 751-7555
kevincalvey@gmail.com